## ODELL *v.* THE CITY OF ATLANTA.

A so-called "business," conducted for the purpose of enabling persons to bet upon horse-races, though not made criminal by any statute of this State, is contrary to public policy, and is not such a useful or necessary occupation as that a city may not, by appropriate ordinance, make penal and prevent the carrying on of the same; and it is perfectly lawful and proper to enforce such ordinance against any one violating its provisions, notwithstanding the fact that he may have been granted by the city a license generally to do business on commission.

January 20, 1896.

Petition for injunction, etc. Before Judge Lumpkin. Fulton county. November 18, 1895.

*Glenn & Rountree,* for plaintiff. *J. A. Anderson* and *George Westmoreland,* for defendant.

LUMPKIN, Justice.

While there are differences of opinion as to the propriety of betting upon horse-races, and it is doubtless a practice in which many respectable people engage, we feel perfectly safe in saying it is not one conducive to good morals or to the promotion of good order in the locality where it may

prevail. Certainly, the keeping of an establishment for the purpose of enabling persons to bet upon horse-races is not a useful or necessary occupation which any citizen has either a common law or constitutional right to carry on. Indeed, it is, in our opinion, a misnomer to characterize the keeping of such a place as a "business" occupation. No good to the public can come from it, and its inevitable tendency is to promote vice and disorder. We are not aware of any statute of this State which makes the carrying on of this so-called "business" penal, and it is therefore strictly within the purview of municipal legislation. Under the general welfare clause of the charter of the City of Atlanta, the mayor and council had authority to pass the ordinance of which the plaintiff in error complains. That ordinance forbade, under a penalty, the keeping or maintenance of any office or place of business in the city, in which any persons were allowed to bet on horse-races or any other kind of races, whether run within the city or outside of its limits. We think it was perfectly lawful and proper both to adopt and to enforce an ordinance of this kind.

It was insisted, however, that the city had granted to the agent of the plaintiff in error a license "to do business on commission," and that he was operating under this license. The alleged license consisted of a paper signed by the city tax-collector acknowledging the receipt of "$10, registration tax as commissions, No. 9½ W. Hunter Street, in the City of Atlanta, from August 1st, 1895, to Dec. 31st, 1895." Regarding this as a formal and complete license authorizing the agent to engage in and conduct on commission any recognized and legitimate business enterprise he might wish to establish, it certainly cannot be said to constitute an express warrant to engage in the questionable occupation of selling pools on horse-races. We have no hesitation in saying that this paper was entirely insufficient to authorize the transaction of the pretended "business" in which the plaintiff in error, through his agent, sought to engage.                    *Judgment affirmed.*