Simmons, Chief Justice.
It will be seen that the ordinance alleged to have been violated applies to every day in the week, and not especially to Sunday. It prohibits disorderly acts or the making of' unnecessary noise calculated to disturb the peace, quiet or good order of the community, but there is no indication that its purpose is also to' prevent acts which disturb the religious feeling of the community, but which are not otherwise objectionable. The conduct which it was alleged constituted a violation of the ordinance was the making of benches inside a meeting-house on Sunday, and the noise was that made by the use of a saw, a hammer and other tools in doing this work. The witnesses for the prosecution testified that they were disturbed by the work because it was being done on Sunday, and that they would not have been disturbed if it had been done on any other day. It was done quietly, and would not have attracted any special attention but for the fact that the day was Sunday.
We think the court erred in holding that the conduct in question amounted to a violation of the ordinance. To' constitute a violation of the ordinance, the act must be such as would be disorderly, and the noise such as would be unnecessary and calculated to disturb the peace, quiet and good order of the community on other days of the week as well as on Sunday. It does not follow that because one does an act which shocks the religious feeling of another1, his conduct is “disorderly.” (See Kahn v. The City of Macon, 95 Ga. 419.) People of different religious beliefs have very different views in regard to the observance of the Sabbath, or as to what constitutes a violation of the sanctity of that day. What would shock the religious feeling of *425 one would not be considered objectionable by another. Taking a carriage, drive for pleasure on Sunday disturbs the religious feelings of some, while by others it is regarded as an innocent recreation. Bull-fighting on Sunday would disturb the religious feeling of most people in this country, yet in some countries it is a customary mode of recreation, and doubtless is not regarded as a violation of the Sabbath.
If the plaintiffs in error, on the occasion in question, were carrying on the work of their ordinary callings, and not a work of charity or necessity, they were violating a law of the State (Code, §4579), and ought to have been indicted under that law. A municipal corporation has no power to impose a punishment for an act made penal by the law of the State, unless expressly authorized by the legislature to 'do so. (Kahn v. City, supra, and cases cited.) The statute above referred to is ample to protect the public from the carrying on by any person of the work of his ordinary calling on Sunday, whatever may be his religious belief. It is a police regulation which the State has a right to adopt; and its purpose is not to force people to observe Sunday in a religious way, or according to the religious views of any portion of the community, but to require that it be observed as a day of rest and cessation from labor, the legislature doubtless regarding this as necessary to the health and well-being of the people. The legislature could have appointed Monday for this purpose as well as it did Sunday, and the law would have been equally binding. See Hennington v. The State, 90 Ga. 396; Hennington v. Georgia, 163 U. S. 299. Judgment reversed.