KASSELL *v.* MAYOR & ALDERMEN OF SAVANNAH.

A municipal corporation can not, without express legislative authority so to do, enact a valid ordinance for the punishment of an act which constitutes an offense against a penal statute of the State. It follows from this principle that if, on the trial of one charged with the violation of a municipal ordinance, it appears from the evidence, that the accused has committed no act, save what would constitute a violation of a penal statute of the State, over which no express authority has been by the legislature delegated to the municipality, a decision finding the accused guilty, and imposing a punishment for the alleged crime, is contrary to law.

Submitted December 4, 1899.—Decided January 24, 1900.

Certiorari. Before Judge Falligant. Chatham superior court. October 20, 1899.

*Saussy & Saussy,* for plaintiff in error.
*Samuel B. Adams,* contra.

LEWIS, J. The plaintiff in error, on May 29, 1891, was tried before the police court of the City of Savannah for the following offense: 1st. "Violating city ordinance, having her place of business, a barroom, open on Sunday, April 19, 1891." 2d. "Violating 2d section ordinance passed February 25, 1891, by selling liquor on Sunday, April 19, 1891." On May 25, 1891, this trial was concluded, and the police court entered the following judgment: "Fined one hundred dollars, or thirty days imprisonment, for violating section second of ordinance passed in council February 25, 1891, by selling liquor on Sunday, April 19, 1891." An appeal was entered from this decision of the mayor, who presided in the police court, to the Mayor and

Aldermen of the City of Savannah. This appeal was tried in June, 1891, and a majority of the council trying the appeal confirmed the decision of the police court. Whereupon the plaintiff in error filed her petition for certiorari to the superior court of Chatham county; and she excepts to the judgment of the court overruling her petition. It appears from the record that on February 25, 1891, the Mayor and Aldermen of the City of Savannah adopted an ordinance entitled, "an ordinance to provide for the observance of the Sabbath or Lord's day," prescribing, in substance, that any person who kept within the city limits a barroom, or other place for the sale at retail of intoxicating liquors of any character, should keep such place of business shut and closed from twelve o'clock Saturday night until twelve o'clock the following Sunday night. It was further provided in the ordinance that it should not be lawful for any person, within the limits of the City of Savannah, to sell in any quantity, or by any sort of device, any spirituous or intoxicating liquors of any character from twelve o'clock Saturday night to twelve o'clock Sunday night, except that a druggist or apothecary might sell the same as medicine under prescription of a regular physician. It seems, therefore, that while the defendant below was tried for violating both the provisions of the ordinance above mentioned, to wit, 1st, keeping open her barroom and place of business on Sunday; and second, violating the city ordinance against selling liquor on Sunday, she was convicted upon the latter charge only. It appears from the evidence in the record that, if she was guilty of selling liquor in violation of the ordinance, this sale took place from her barroom, and, therefore, must have been in pursuit of her business, or the work of her ordinary calling, on the Sabbath. One defense made on the trial of the case below, and insisted upon in the petition for certiorari as a reason why the judgment of conviction should be set aside, was, that the mayor and aldermen of the city had no jurisdiction to try the defendant under the charges set forth, which constitute a violation of penal laws of the State. Another ground of error alleged is, that the verdict is contrary to evidence, and if any offense was committed it was in violation of a State law.

It may be considered as a principle well established by the adjudications of this court, that a municipal corporation can not, without valid legislative authority, pass an ordinance for the punishment of an act which constitutes an offense against a penal statute of the State. *Rothschild* v. *Darien*, 69 *Ga.* 503; *Kahn* v. *Macon*, 95 *Ga.* 419; *Keck* v. *Gainesville*, 98 *Ga.* 425; *Moran* v. *Atlanta*, 102 *Ga.* 840. The prosecution in this case is based upon the ordinance of February 25, 1891, above mentioned. In behalf of counsel for defendant in error it is contended that this ordinance is justified by virtue of the powers conferred upon the municipal authorities of the City of Savannah by the act of December 22, 1857. Acts 1857, pp. 166–7. Under section III of that act, there was conferred upon the City Council of Augusta the power "to pass all ordinances in relation to keeping open tippling-houses on the Sabbath day in said city, and in relation to lewd houses, or houses of ill fame, for the purpose of suppressing them in said city, and in relation to selling or purchasing intoxicating liquors to slaves or free persons of color in said city," etc. The next section extends the provisions of the act to the City of Savannah. It does not appear, therefore, from this act that any power was delegated to these cities to pass such an ordinance as was adopted by the City of Savannah in reference to the sale of intoxicating liquors; so far as the sale or purchase of liquors was concerned, the act only relating to slaves or free persons of color in said city. This act, therefore, confers no express legislative authority authorizing the passage of such an ordinance; and it follows that if the facts relied upon for a conviction of the defendant in this case constitute an offense against the penal law of the State, the municipal court had no jurisdiction of the case, and the decision now under consideration is unauthorized. That the facts relied on for a conviction constitute a penal offense against the State law we think there can be no doubt. It appears from the record that the defendant below was engaged in the business and regular occupation of keeping a barroom for the purpose of retailing spirituous and other intoxicating liquors. Even if the evidence were sufficient to authorize the conclusion that she sold liquors on the day charged, this sale took place from her bar-

room, and was necessarily in the pursuit of her ordinary daily vocation. The State law in existence when this conviction was had is embodied in section 4579 of the Code of 1882, and provides that "Any tradesman, artificer, workman or laborer, or other person whatever, who shall pursue their business or work of their ordinary callings upon the Lord's day (works of necessity or charity only excepted), shall be guilty of a misdemeanor." The same provision is substantially embodied in the present Penal Code, § 422.

The prosecution in this case relied upon the case of *Hood* v. *Von Glahn*, 88 *Ga.* 405. We do not think that decision is in point. It appears there that the plaintiff in error was the keeper of a barroom, and a retail liquor-dealer, and he was tried before the recorder's court of Augusta on the charge of "keeping open his bar on Sunday, July 19, 1891." The ordinance of that city, it is true, contained a provision against retailing, selling, or furnishing liquor to any person on Sunday; but it likewise contained the further provision that they should not open, or have or keep open, the doors or windows of their retail shops. The defendant was tried and convicted for a violation of the last provision mentioned. The only question before this court then was, whether or not that portion of the ordinance against keeping open such tippling-shops was authorized by the act of December 22, 1857. That is an entirely distinct offense from selling liquors. Keeping open a tippling-house on the Sabbath day is made penal under a separate and distinct section of the code. Code of 1882, §4535; Penal Code, § 390. This question, therefore, as to whether or not a barkeeper engaged in his regular vocation of selling from his barroom liquor on Sunday was amenable to a municipal court for such a violation of a State law against pursuing one's ordinary vocation on the Sabbath, was not made in that case; the only question being whether, under the act of 1857, the City Council of Augusta could try him for violating an ordinance passed in pursuance of that act, which authorized specifically that council to pass all ordinances in relation to keeping open tippling-houses on the Sabbath day. The case of *Hill* v. *Dalton*, 72 *Ga.* 314, is also relied upon by the prosecution

as authority which upholds the validity of a municipal ordinance providing that no person shall be allowed to sell spirituous or other intoxicating liquors within the limits of the City of Dalton in any quantity. It appears in that case that the charter of the City of Dalton gave to the municipality absolute authority over the whole liquor question (see p. 318). It was there simply decided that the ordinance against selling the liquor did not provide for the same offense as that prescribed by the code, which prohibited the keeping of a tippling-house or the retailing of spirituous liquors without a license. The violation of the Sunday law in question was in nowise involved in that case. In *Strauss* v. *Waycross*, 97 *Ga.* 475, it was decided that "Although a given act was, by a valid municipal ordinance, made an offense against the corporation, at a time when such an act was not indictable under the criminal laws of this State, the subsequent enactment by the General Assembly of a statute making the identical act a crime or misdemeanor deprived the municipal authorities (they having no jurisdiction over State offenses) of the power to try and punish offenders for committing the act in question." The decisions in the cases of *Paulk* v. *Sycamore*, 104 *Ga.* 728, *Brown* v. *Social Circle*, 105 *Ga.* 834, and *Cunningham* v. *Griffin*, 107 *Ga.* 690, contain nothing in conflict with our ruling in this case. The cases cited uphold an ordinance of the city making it an offense against a municipality to keep for sale spirituous or intoxicating liquors. Those decisions were based expressly upon the idea that there was no provision in the State law making such acts of keeping liquor for the purpose of an illegal sale a penal offense.

We do not mean to say that the second section of the city ordinance in question should be treated as absolutely a void enactment. That portion of the ordinance simply provided generally against the sale of any spirituous or intoxicating liquors of any character on Sunday. If a person who committed such an act was not one whose business or ordinary calling involved the work of retailing spirituous or intoxicating liquors, the principle herein decided would not apply to his case. In the present case, however, it appears from the record that if

the accused was guilty of any offense at all, it consisted in pursuing her business, or the work of her ordinary calling, on the Lord's day within the meaning of the penal law of the State on that subject.

*Judgment reversed. All the Justices concurring.*