## MAYOR AND ALDERMEN OF SAVANNAH v. KASSELL.

1. Where the charter of a municipal corporation provides that upon conviction of a person for violation of a city ordinance, "no certiorari shall be allowed until the fine imposed by the mayor or other person presiding in said [police] court, and all costs, shall be deposited in the treasury of the city to abide the final decision in the case," and that if an appeal is taken to the mayor and aldermen from the decision of the police judge, and his judgment is affirmed, no certiorari shall be allowed until the payment into the city treasury of the fine imposed and all costs, a compliance, by one who has been convicted in the police court, with the provisions set out, is not a "payment," but is in the nature of a deposit in lieu of a bail-bond; and if the final decision of the case is in favor of the plaintiff in certiorari, he is entitled to have his money returned to him.

2. In such a case the statute of limitations does not begin to run against the one making the deposit until demand by him upon the city authorities.

3. In view of the decision of this court in the case of *Kassell* v. *Savannah*, 109 *Ga.* 491, the judgment of the police court in the present case was not void, but merely erroneous, and the accused was not, therefore, entitled to sue for the recovery of the money as soon as deposited.

4. In a case of this character the city is not liable for interest on the deposit until after the final decision of the case and until after demand is made.

Submitted March 1,—Decided April 25, 1902.

Complaint. Before Judge Norwood. City court of Savannah. December 20, 1900.

*Samuel B. Adams,* for plaintiff in error. Judgments of police court nullities, for want of jurisdiction : *Kassell* v. *Savannah,* 109 *Ga.* 491; *Moore* v. *Wheeler,* Id. 62 ; Ex parte Lange, 18 Wall. 163; Hans Nielsen, 131 U. S. 176; Cuddy, Id. 280; U. S. *v.* Walker, 109 U. S. 266; Brown, Jur. §§ 103, 104, 110; *Ivey* v. *State,* 112 *Ga.* 176; *W. U. Tel. Co.* v. *Taylor,* 84 *Ga.* 408; Civil Code, §§ 5368 – 9, 5373. Payments voluntary, not recoverable : Civil Code, § 3723; *Tatum* v. *Trenton,* 85 *Ga.* 469, and cit. Action barred : Civil Code, § 3768; *Wynn* v. *Lee,* 5 *Ga.* 226; *Pendergrast* v. *Foley,* 8 *Ga.* 5; *Jones* v. *Bivins,* 56 *Ga.* 538; *Johnson* v. *Johnson,* 80 *Ga.* 262; *Hart* v. *Evans,* Id. 330; *McDonald* v. *Napier,* 14 *Ga.* 97, and cit.; *Williamson* v. *Wardlaw,* 46 *Ga.* 126 ; *Schofield* v. *Woolley,* 98 *Ga.* 550; Bouv. L. D. 580, "Fine;" 2 Black, Judg. § 680; Trimmer *v.* Rochester, 29 N. E. 746, 31 N. E. 255; Morton *v.* Nevada, 41 Fed. 583; Miller *v.* Adams, 16 Mass. 455; Crocker *v.* Clements, 23 Ala. 305.

*Saussy & Saussy,* contra. Payment involuntary : Code of 1882,

§ 4860; Acts 1871–2, p. 22: 3 Am. & Eng. Enc. L. (2d ed.) 682. Money bail recoverable : State *v.* Evans, 13 Mont. 239; Arquett *v.* Marshall Co., 75 Iowa, 191. Judgment erroneous, not void: *Griffin* v. *Eaves,* 114 *Ga.* 65 ; 2 Free. Judg. § 624, p. 1094; Ex parte Pearce, 111 Ala. 99. Interest: Civil Code, §§ 2921, 2926. Limitation of action: *Blount* v. *Beall,* 95 *Ga.* 182 ; *Harral* v. *Wright,* 57 *Ga.* 484; *McDonald* v. *Napier,* 14 *Ga.* 89 ; Paulling *v.* Watson, 26 Ala. 205 ; Marks *v.* Cowles, 61 Ala. 299; 15 Am. & Eng. Enc. L. (1st ed.) 745 ; 18 Id. 224.

SIMMONS, C. J.   It appears from the record that in 1891 Mrs. L. C. Kassell was on two different occasions convicted, in the police court of the City of Savannah, of violations of one of the ordinances of that city, and in each case she was fined $100.   In one of the cases she sued out a writ of certiorari directed to the police court, while in the other she appealed to the mayor and aldermen, who sustained the judgment of the police court; whereupon she sued out a writ of certiorari.   Under the charter of the City of Savannah, before she was allowed a writ of certiorari, it was incumbent upon her to deposit in the treasury of the city the amount of the fine imposed by the judge of the police court, to abide the final determination of the case.   The provision of the charter referred to is as follows: " No certiorari shall be allowed until the fine imposed by the mayor or other person presiding in said court, and all costs, shall be deposited in the treasury of the city, to abide the final decision of the case; and on the confirmation by council of the decision or judgment of said police court, in whole or in part, no certiorari shall be allowed until the fine inflicted or confirmed by council, and all costs, shall be paid into the treasury of said city."   Code of 1882, § 4880.   In accordance with this statute, Mrs. Kassell deposited or paid into the city treasury $200, and obtained writs of certiorari in both the cases to which she was a party.   For some reason not known to us, these cases remained upon the docket of the superior court for several years, and upon the hearing both the certioraries were overruled ; whereupon Mrs. Kassell brought the cases to this court, where, on June 24, 1900, the judgment of the court below overruling the certioraries was reversed.   See *Kassell* v. *Savannah,* 109 *Ga.* 491.   After the decision by this court in that case had been made the judgment of the superior court, Mrs. Kassell applied to the Mayor and Aldermen of

the City of Savannah for a return of the money which she had deposited in the city treasury.    Her application was denied, and she brought suit to recover it.    The city defended this action upon the grounds that the deposit in the treasury of the amount of the fines was a voluntary payment by the plaintiff, and that the claim was barred by the statute of limitations, more than four years having elapsed from the time the money was paid until the bringing of the suit.    The case was, by agreement, submitted to the judge of the court below without the intervention of a jury; and he rendered judgment against the city, holding, first, that the payment of the fine was not voluntary; and second, that the statute of limitations did not begin to run against Mrs. Kassell until the final disposition of the certiorari cases.

1, 2.    We think that the judgment of the court below awarding the money in dispute to the plaintiff was correct.    Under that portion of the city charter above recited, the money deposited by Mrs. Kassell in the city treasury was not a payment at all, either voluntary or involuntary.    It was simply a deposit made by her in accordance with the statute, in order to enable her to pursue her legal rights.    Without this deposit she would not have been allowed to apply for or obtain a writ of certiorari.    This was a condition precedent to her application for the writ, and it was only intended that the money should remain in the city treasury to await the final disposition of the case.    The meaning of the statute, in our opinion, is that the deposit should be in lieu of a bail-bond.    The accused was required to deposit the amount of her fine, instead of being allowed to give bond and security for her appearance, as all persons convicted of misdemeanors are entitled to do under the general law.    This being true, and the final decision of the case being in her favor, she was entitled, after the judgment in this court, to receive back the money which she had deposited in the city treasury, and the statute of limitations could not begin to run against her until she had made demand for the money.

3.    The above reasoning is, of course, predicated upon the idea that the original judgments of conviction of Mrs. Kassell in the police court were not absolutely void, but were simply erroneous; for if the judgments were void, she could have sued immediately to recover the money deposited by her, and her claim would now be barred by the statute of limitations.    Reference to the case in

109 *Ga.*, to which allusion has been made, discloses that the judgment of reversal was based upon the ground that "a municipal corporation can not, without express legislative authority so to do, enact a valid ordinance for the punishment of an act which constitutes an offense against a penal statute of the State." In the particular case under consideration it appeared from the evidence that, as applied to the accused (Mrs. Kassell), the ordinance in question was open to the objection stated in the headnote from which we have quoted, because in this instance the accused was, while violating the city ordinance, also violating the State law against pursuing her ordinary vocation on the Sabbath day; but, for aught that has yet been made to appear, the ordinance in question would be perfectly valid as applied to all those who do not come within that class. The judgment was by no means void on its face, but was erroneous, because, in the light of the evidence introduced on the trial, Mrs. Kassell could not be convicted of the offense with which she was charged.

4. In view of what was laid down in the first division of this opinion, it requires no argument to show that the city was not liable for interest before the final decision of the certiorari case. Error was assigned by the city upon the allowance of interest by the court upon $44.10 costs in the case, but as the defendant in error distinctly disclaims any right to recover interest on these costs, the judgment will not be reversed on this account. Direction is given to the court below, however, that the judgment be so amended as that it shall carry interest only upon the amount of the deposits made, from the proved date of demand by the plaintiff.

*Judgment affirmed, with direction. All the Justices concurring, except Lewis, J., absent.*