## PENNISTON *v.* CITY OF NEWNAN.

1. A city ordinance which makes it unlawful for any person to keep an open business house on the Sabbath day, with a proviso that nothing therein shall prevent the sale of drugs on that day, does not prohibit one who is the owner of a place of business where drugs and other articles are sold, and whose business and ordinary calling is the selling of such goods, from keeping such place of business open on the Sabbath for the purpose of selling drugs, in cases where such sales would be authorized under the laws of the State.

2. If such person sells on the Sabbath day at such place of business articles other than drugs, in cases where there is no necessity for such sale, or sells even drugs unless there is a necessity to do so, he can not be punished therefor by the municipality, but may be punished under the provisions of the Penal Code, § 422, which prohibits every one from pursuing his business or work of his ordinary calling on the Sabbath day, works of necessity and charity only excepted.

Submitted May 18, — Decided June 25, 1903.

Certiorari.     Before     Judge     Harris.     Coweta     superior     court. March term, 1903.

*A. H. Freeman* and *J. R. McCalla.* for plaintiff in error.
*W. M. Glass,* contra.

COBB, J.     Penniston was arraigned in the police court of the City of Newnan, charged with a violation of an ordinance of which the following is a copy : " It shall be unlawful, or not lawful, for any person to keep an open business house on the Sabbath day or Sabbath night, or to trade or to traffic on that day, or to work or in anywise labor or cause work to be done on the Sabbath day ; provided, however, that nothing in this section shall prevent the sale of drugs on the Sabbath day and carrying on the work of necessity."     He was adjudged guilty by the mayor, and he complains here that his certiorari from this decision was overruled.     The evidence authorized a finding that Penniston was a physician and the proprietor of a drug-store in which he sold drugs and other articles in the City of Newnan; that this drug-store was kept open on a Sabbath day ; and that his clerks sold therein on that day tobacco, cigars, and bromo-cocoa.

It is settled law that a municipal corporation has no power to enact an ordinance providing for the punishment of an offense made penal by the laws of the State.     *Kassell* v. *Savannah,* 109 *Ga.* 491, and cases cited; and see also the same case in 115 *Ga.* 311.     The ordinance in question was therefore invalid in so far as it attempted

to make punishable in the police court of the city an offense made penal by the laws of the State. The Penal Code, § 422, provides: "Any person who shall pursue his business, or the work of his ordinary calling, on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor." It follows that so much of the ordinance as attempts to make punishable any act which is in the pursuit of one's business or the work of his ordinary calling is invalid. One could not be lawfully arraigned, therefore, in the municipal court under this ordinance, for trading or trafficing on the Sabbath day, if trading and trafficing was his ordinary calling, nor for laboring or causing work to be done on the Sabbath day, if his ordinary vocation consisted in these things. If trading or trafficing, or laboring, or causing work to be done by others was not the ordinary business of the person engaging in them, he might be punished under the ordinance. With the exception of the statute in relation to tippling-houses, we know of no provision in the Penal Code which makes it a crime for one to merely open his place of business on the Sabbath day. As the municipal corporation had no power to legislate on any matter which had already been made penal by the laws of the State, the ordinance must be construed, so far as its terms are equivocal, as not an attempt to legislate on such matters. Giving this construction to the ordinance, it is certainly valid so far as it relates to trading or trafficing, or laboring, or causing work to be done by others, by persons whose ordinary business does not consist in doing these things. It is also valid in so far as it makes the keeping open of business houses on the Sabbath day unlawful, other than those that might come within the exception in the ordinance. Giving it a reasonable construction, that part of the ordinance relating to the keeping open of business houses would not be applicable to any one keeping open his place of business for the purpose of selling drugs, or for the purpose of doing works of necessity. If the accused, in selling tobacco, cigars, and bromo-cocoa, was engaged in the sale of drugs, or in making such sales was engaged in a work of necessity, he would not be guilty of a violation of the ordinance when he opened his doors for the purpose of making these sales. If the articles sold were not drugs or the selling of the same was not a work of necessity, the accused would still not be guilty of a violation of the city ordinance. He could not be convicted for the sale; for that would be a violation

of the State law, his ordinary vocation being not only to sell drugs but also to sell other such articles as are usually kept in drug-stores or as he saw fit to keep in his drug-store. While he would be guilty of a violation of the State law in making the sales, he would not be guilty of a violation of the ordinance in reference to keeping open his business house; for by the terms of the ordinance he had a right to keep the same open for the purpose of selling drugs. It was lawful for him to have his place of business open to sell drugs, but it was unlawful for him to sell articles other than drugs which were connected with his ordinary daily business, as well as to sell drugs when there was no necessity for such sales. If in the sale of the articles mentioned he was carrying on a work of necessity, he would not be guilty of a violation either of the ordinance or of the State law.

There is nothing, however, in the record which would authorize a finding that in the particular sales shown by the evidence there was anything partaking of a work of necessity. It is hard to conceive of there being such a state of facts as that the courts would be authorized to say that the sale of tobacco and cigars on the Sabbath day was a work of necessity within the meaning of the State law or of such an ordinance as that now under consideration. The record does not disclose distinctly what bromo-cocoa is. It seems to be a drink of some character, and was sold by the accused to persons who used the same to obtain relief from headache. If it is a drug, the ordinance does not prohibit the accused from keeping open his doors for the purpose of selling it in cases of necessity. If it is not a drug, or was sold not in a case of necessity, then the accused was guilty of a violation of the State law in selling it on Sunday. In either event he could not be punished under the ordinance. See *Kassell* v. *Savannah*, supra. What has been said in reference to bromo-cocoa applies equally to cigars and tobacco. The record discloses a mass of evidence on the question as to whether tobacco is a drug. There is unquestionably a property in tobacco that is used as a medicine, being employed as a narcotic, emetic, and cathartic. See Webster's International Dictionary and the Standard Dictionary. Tobacco, however, in its manufactured form of cigars, cigarettes, smoking tobacco, chewing tobacco, snuff, and the like, can not be said to be in any sense a drug or medicine, and no amount of evidence will authorize a find-

ing that it is.　The case of State *v.* Ohmer, 34 Mo. App. 116 (2), 124, is exactly in point.　This case is also authority for the proposition that the sale of tobacco in its manufactured form can not be classed as a work of necessity.　See also an anonymous case reported in 12 Abb. New Cas. 458.　What was said by this court in *Gault* v. *State*, 34 *Ga.* 535, in reference to whisky applies equally to tobacco.　It was there said that drugs are compounds, mostly of mineral, animal, or vegetable substances, made by apothecaries and others, and used as a medicine in the treatment of disease, and commonly called physic; that they are also a commodity that lies on one's hands and is not salable in market, or an article of slow sale, and for which there is little demand; and that whisky could not properly be classified as a drug in either of these senses. In neither of the senses mentioned could tobacco in its manufactured form be called a drug; nor is there anything in the evidence to show that the accused sold it as such or expected it to be used in this way.　In any view of the case the evidence does not show that the accused committed any act which can be punished under the city ordinance, and the court erred in overruling the certiorari.

*Judgment reversed. All the Justices concur.*