# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

#### AT THE

## OCTOBER TERM, 1905.

---

### THROWER *v.* CITY OF ATLANTA.

### JONES *v.* CITY OF ATLANTA.

To maintain a "place" of any character where persons are allowed to bet, offer to bet, place an order for a bet, or telegraph or telephone bets on races of any sort, is an act prohibited by the Penal Code, § 398, and such an act can not, in the absence of express legislative authority, properly be made penal by a municipal ordinance.

Argued June 20,—Decided November 8, 1905.

Certiorari. Before Judge Pendleton. Fulton superior court. May 25, 1905.

*R. R. Arnold* and *Harvey Hill,* for plaintiffs in error.
*James L. Mayson* and *William P. Hill,* contra.

CANDLER, J. The plaintiffs in error, Thrower and Jones, were tried in the recorder's court of the City of Atlanta for the alleged violation of a municipal ordinance of which the following is a copy: "It shall be unlawful for any person, firm, or corporation, agent or employee thereof, to maintain or carry on any office or place of business, or to have a space or portion of the office, store, or place of business of another, or to maintain a place or point of meeting, in or at which any person or persons is or are allowed to bet, or offer to bet, or place an order for a bet, or telegraph or telephone bets, on horse races, boat races, bicycle races, or any kind or description of race, whether such race is to be run in the City of Atlanta or any place outside of said city." They were adjudged guilty and fined by the recorder; whereupon they presented to the judge of the superior court of Fulton county their petitions for certiorari, which were

1

denied, and they excepted. As the evidence in the two cases was identical, and both are governed bv the same principles of law, they will be considered together.

In the view that we take of this case it is not necessary to consider the question whether the evidence introduced on the trial was sufficient to show a violation of the ordinance which has been quoted. We are confronted by the broader question whether the ordinance was invalid in that it undertook to make penal that which was already prohibited by the State law making penal the keeping of a gaming-house; and this question we feel constrained to decide in the affirmative. The very evident purpose of the ordinance was to prevent the maintenance of a "place" of any sort, whether on premises owned by another, on the public streets, or elsewhere, where betting of the character designated was permitted. That this is fully covered by the statute against keeping a gaming-house (Penal Code, § 398) has been distinctly held by this court. In *Thrower* v. *State,* 117 *Ga.* 756, which was an indictment under the Penal Code, § 398, for keeping a gaming-house, Mr. Justice Lamar, speaking for the court, said: "In prohibiting a gaming-house it is intended to prevent the maintenance of a *place* at which persons come together for the purpose of hazarding and betting money." Clearly, then, if the plaintiffs in error in the present cases were guilty of a violation of the municipal ordinance which has been quoted, they are guilty of a violation of the State law against keeping a gaming-house; and the familiar principle that a municipality may not prohibit by ordinance that which is already made penal by State statute, unless there is express and specific legislative authority for the same, will apply. The case of *Penniston* v. *Newnan,* 117 *Ga.* 700, is closely in point. There an ordinance of the City of Newnan provided that it should be unlawful for any person to keep an open business house on the Sabbath day, or to trade or traffic on that day, or to work or cause work to be done on the Sabbath, the ordinance containing a proviso that it should not prevent the sale of drugs or the carrying on of works of necessity on the Sabbath day. The accused, who was the proprietor of a drug-store, kept open his place of business on the Sabbath day, and his clerks therein sold tobacco and cigars. He was convicted in the police court, his petition for certiorari was overruled, and he brought the case to this court, where the judgment was reversed on the ground that the offense proved against

him was punishable under the Penal Code, §422, making it penal for any person to pursue his business or the work of his ordinary calling on the Lord's day, and that it could not be punished by the municipality. The case of *Hood* v. *Von Glahn,* 88 *Ga.* 405, relied on by counsel for the city, and the more recent one of *Littlejohn* v. *Stells,* 123 *Ga.* 427, are not in point, for the reason that in those cases the municipal ordinances which were attacked had been authorized by express legislative enactment, while it is not claimed that the city in this case had any such legislative authority. Nor is the case of *Odell* v. *Atlanta,* 97 *Ga.* 670, in conflict with what is here held. The dictum of Mr. Justice Lumpkin in the *Odell* case, to the effect that the city, under the "general welfare" clause of its charter, had the right to break up the "business" of selling pools on horse races, was fully explained in the case of *Thrower* v. *State,* 117 *Ga.* 758, on the ground that the court in the case first mentioned was dealing solely with the legality of the alleged business or occupation, and did not have before it the question whether the city could make penal acts which were already prohibited by the State law against keeping gaming-houses.

From what has been said it follows that the court erred in refusing to sanction the petition for certiorari.

*Judgment reversed. All the Justices concur, except Beck, J., who did not preside.*