## ALLEN *v.* JENNINGS.

1. The ordinance of the City of Atlanta which prohibits "any person to carry intoxicating liquor or beer on his person for the purpose of unlawful sale, or to carry same around the streets for the purpose of unlawful sale," does not punish for the same act made criminal by the prohibition law in acts of 1907, p. 81, and is not invalid as recognizing as a municipal offense an act already made criminal by a State law.

2. All the other assignments of error are included in the rulings made in the case of *Loeb* v. *Jennings*, 133 *Ga.* 796 (67 S. E. 101) ; and there was no error in refusing to discharge the applicant on habeas corpus.

APRIL 15. 1910.

Habeas corpus. Before Judge Pendleton. Fulton superior court. December 7, 1909.

*John A. Boykin,* for plaintiff.

*James L. Mayson* and *William D. Ellis Jr.,* for defendant.

EVANS, P. J. Applicant for habeas corpus was convicted, in the recorder's court of the City of Atlanta, of a violation of an ordinance prohibiting "any person to carry intoxicating liquor or beer on his person for the purpose of unlawful sale, or to carry same around the streets for the purpose of unlawful sale." He was sentenced to pay a fine of $500.00 and costs, or work on the streets or public works of the city for thirty days under the direction of the superintendent of public works. He alleged that he was illegally detained under this sentence, by being confined in the city stockade where he was under guard and forced to work and labor. Upon considering the return of the writ by the chief of police, and the evidence offered at the hearing, the court refused to discharge the applicant and remanded him to the custody of the respondent. The exception is to this judgment.

1. Applicant insists that the ordinance under which he was prosecuted is void, for the reason that the municipal offense therein defined can only be committed by an act made penal by the general statute of the State. In other words, his point is, that the act of 1907 (Ga. L. 1907, p. 81) makes penal the sale of intoxicating liquor, and that the municipal offense contains no ingredient or concomitant which is not covered by the statute law, and, in the absence of express legislation, the municipality of Atlanta can not deal with an act which is declared to be a violation of the criminal laws of the State. This court on several occasions has declared

that a municipal corporation, in the absence of express legislative enactment can not punish for an offense against the criminal laws of the State. *Thrower* v. *Atlanta*, 124 *Ga.* 1 (52 S. E. 76, 1 L. R. A. (N. S.) 382, 110 Am. St. R. 147), and cases cited. But it has also announced the law to be that if the offense recognized by the ordinance contains an ingredient or concomitant essential to the preservation of the city's peace, health, and good order, which is not included in the act or acts made criminal by the State law, the ordinance is valid. *Menken* v. *Atlanta*, 78 *Ga.* 668 (2 S. E. 559). This case is concrete authority for the ruling we now make. The local option law forbade the sale of spirituous or intoxicating liquor, and the ordinance in that case punished the keeping of liquors for unlawful sale in any store, house, room, office, or other place. In the course of the opinion upholding the ordinance Bleckley, C. J., said: "But the statute, though it makes the unlawful sale of liquors an offense, does not make the keeping of them for unlawful sale an offense. The ordinance does the latter and not the former. It hovers on the margin of the statute, and nowhere overlaps the text. If there is keeping for unlawful sale, the ordinance is violated, whether any sale is made or not. In case a sale ensues, the statute is also violated; but this does not cancel the violation of the ordinance. An offense committed against one jurisdiction can not be wiped out by committing another against another jurisdiction. The only object of the ordinance is to prevent preparation for violation of the statute." See *Callaway* v. *Mims*, 5 *Ga. App.* 9 (62 S. E. 654), and *Athens* v. *Atlanta*, 6 *Ga. App.* 244 (64 S. E. 711), where Powell, J., ably discusses the various decisions of this court.

2. All of the other assignments of error relate to questions which were recently decided in *Loeb* v. *Jennings*, 133 *Ga.* 796 (67 S. E. 101), and do not require further notice.

*Judgment affirmed. All the Justices concur.*