## 5856.   RAMSEY v. CITY OF ATLANTA.

WADE, J.   1. A municipal ordinance declaring that it shall be unlawful for any person to carry intoxicating liquor or beer on his person for the purpose of unlawful sale, or to carry the same around the streets for the purpose of unlawful sale, and fixing a penalty for so doing, does

not conflict with the State law making it unlawful to "keep or furnish at any other public places, . . or keep on hand at their place of business any alcoholic, spirituous, malt, or intoxicating liquors," etc. Acts 1907, pp. 81, 82 (Penal Code, § 426). The municipal offense is separate and distinct from any State crime that may have been incidentally committed in connection with it. *Athens* v. *Atlanta,* 6 *Ga. App.* 244 (64 S. E. 711); *Allen* v. *Jennings,* 134 *Ga.* 338 (67 S. E. 883).

2. Whether witnesses were successfully impeached by proof of contradictory statements, or in any other manner authorized by law, was a question for determination by the recorder, who might believe the witnesses attacked, notwithstanding the attack. *Williams* v. *State,* 69 *Ga.* 11 (28), 14; *Powell* v. *State,* 101 *Ga.* 9 (5), 10 (29 S. E. 309, 65 Am. St. R. 277); *Huff* v. *State,* 104 *Ga.* 521 (2), 523 (30 S. E. 808); *Southern Railway Co.* v. *Peek,* 6 *Ga. App.* 43, 45 (64 S. E. 308).

3. Unless the charter or ordinances of a municipal corporation provide that offenses against the municipality must be prosecuted within a given time, no lapse of time after the commission of an act declared by ordinance to be unlawful will bar a prosecution therefor, where it appears with reasonable certainty that the act was committed after the passage of the ordinance making it unlawful. *Battle* v. *Marietta,* 118 *Ga.* 242 (44 S. E. 994); *Bell* v. *Forsyth,* 126 *Ga.* 443, 445 (55 S. E. 230). Where it does not appear from the record that the ordinances of the municipality fix a period of limitation, it will be assumed that they contain no such limitation.

4. The evidence for the city was somewhat weak and uncertain; but this court will not set aside, on the general grounds, a judgment rendered by the recorder of a municipal court, where such evidence is nevertheless sufficient to support the inference of guilt on the part of the accused, and where also the judge of the superior court has approved the finding.          *Judgment affirmed.    Roan, J., absent.*

DECIDED OCTOBER 20, 1914.

Certiorari; from Fulton superior court—Judge Pendleton. May 27, 1914.

*C. G. Battle,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.