THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of EDWARD P. DONOVAN, Complainant, *v.* JOSEPH ROUNATI and Others, Defendants.

HENRI VANDAL, Applicant, Appellant; THE CITY OF NEW YORK, Respondent.

First Department, January 26, 1940.

*Bernard Cowen* of counsel [*Robert Miller Cowen* with him on the brief], for the appellant.

*Edward J. McGratty, Jr.,* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

COHN, J. On April 13, 1921, Joseph Rounati, a sailor who was a member of the crew of a foreign steamship, was arrested charged with the illegal transportation of liquors in violation of chapter 155 of the Laws of 1921, then known as the Mullan-Gage Law. The following day he entered a plea of not guilty in the City Magistrates' Court of the City of New York. The magistrate committed

him to the custody of the warden of the city prison to await the action of the grand jury and fixed bail in the sum of $1,000.

To effect the release of Rounati, there was deposited on April 15, 1921, by a fellow seaman, Henri Vandal, $1,000 in cash in lieu of bail. The depositor received the usual certificate of deposit as evidence of such payment. Before his release Rounati duly executed a waiver and consent that upon the termination of the proceeding Henri Vandal should be entitled to the refund of the moneys which he had deposited. This waiver and consent, the warden filed with the clerk of the court with the other papers in the proceeding which evidenced the lawful release of the prisoner. The duplicate of the certificate of deposit, with a specimen of the depositor's signature thereon for identification purposes, the warden transferred to the chamberlain, together with the $1,000 which had been left with him. The cash deposit received by the warden and paid over to the chamberlain was duly credited to the proceeding had in the Magistrates' Court.

Thereafter, the grand jury refused to indict Rounati, and on June 7, 1921, the justice presiding in the Supreme Court, Criminal Term, caused to be entered an order dismissing the complaint. However, upon the termination of the proceeding, the justice omitted to make an order, as required by section 586 of the Code of Criminal Procedure, directing the chamberlain (now the city treasurer) to refund the $1,000 which Henri Vandal had deposited in lieu of bail.

Henri Vandal, now residing in France, having since learned that his $1,000 had not been forfeited, or appropriated for the payment of any fine charged against Rounati, in May, 1939, applied to the Special Term for an order of refund. The district attorney, though notified, did not oppose the application, but the corporation counsel, appearing on behalf of the city treasurer, set up the Statute of Limitations as a bar to the relief sought by the depositor. The Special Term upheld the contention of the corporation counsel and denied the motion for an order directing the refund of the deposit. From the order entered thereon this appeal is taken.

We are of the view that since the " presiding justice " omitted to include in the order of June 7, 1921, any provision for the refund of the $1,000 herein, the proceeding is still pending for the purpose of supplying the omission. Until the court has made a direction for the return of the moneys deposited in lieu of bail pursuant to section 586 of the Code of Criminal Procedure the proceeding continues to be open, particularly where, as here, the fund belongs to a third person whose right and ownership therein have been evidenced by a consent on file with the clerk of the court. Though

the third person may not have been a party to the proceeding at any stage, he possessed an interest in the outcome which the court is bound to protect, especially after being apprised of the facts and of its omission to act in accordance with the statute.

The application which the appellant made at Special Term and with which we are concerned on this appeal was for an order directing the treasurer to pay to appellant, Henri Vandal, the $1,000 deposited in lieu of bail. The only question for consideration is whether there is any legal impediment which would prevent the court from now making the direction which it should have made when it dismissed the complaint. We know of none and the respondent has not called any to our attention.

Assuming that the treasurer of the city of New York might avail himself of the Statute of Limitations to bar a recovery of the deposited fund, the statute upon which the treasurer relies would not commence to run until after a demand had been made by the person who deposited the cash following the making of an order by the " presiding justice or magistrate " directing the chamberlain to refund the money. (6 Am. Jur., Bail & Recognizance, § 71; *Savannah* v. *Kassell*, 115 Ga. 310; 41 S. E. 572.) Such a situation has not yet arisen here.

As it is claimed that the written receipt for the cash bail has been lost and cannot be delivered by appellant, the treasurer of the city of New York would in such case be entitled to insist upon an appropriate bond to protect him in the event that the receipt should be presented by another at some future time.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted. Settle order on notice.