28798.   FRIEDMAN *v.* THE STATE.

DECIDED FEBRUARY 24, 1941.

*Howard, Tiller & Howard,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

BROYLES, C. J. The defendant was tried in the criminal court of Fulton County on an accusation containing two counts, which charged him with maintaining, in said county, two designated places, on designated dates, "where he did receive, accept, and make bets on horse races for money, contrary to the laws of said State." The Code, § 26-6401, reads as follows: "*Any person who shall, by himself, servant, or agent, keep, have, use, or maintain a gaming-house or room,* or shall in any house, place, or room, occupied by him, permit persons, with his knowledge, to come together and play for money or any other valuable thing at any game or device for the hazarding of money or other thing of value, shall be guilty of a misdemeanor." (Italics ours.) Evidently the accusation was based only on the first branch of the Code section, to wit, the portion italicized by us. That part of the section makes it a misdemeanor for any person to maintain a gaming-house or room; and where an accusation so charges, it is unnecessary for the prosecution to show that the accused permitted persons to *assemble* in his house or room and play for money or any other valuable thing. In *Thrower* v. *Atlanta,* 124 *Ga.* 1 (52 S. E. 76, 1 L. R. A. (N. S.) 382, 110 Am. St. R. 147, 4 Ann. Cas. 1), the Supreme Court said: "To maintain a 'place' of any character where persons are allowed to bet, offer to bet, place an order for a bet, or telegraph or telephone bets on races of any sort, is an act prohibited by the Penal Code, § 398 [Code of 1933, § 26-6401]." It is true that in that case the court quoted the following statement from *Thrower* v. *State,* 117 *Ga.* 756: "In prohibiting a gaming-house it is intended to prevent the maintenance of a *place* at which persons come together for the purpose of hazarding and betting money." However, the court did not hold in either *Thrower* case that that was the *sole* intent of the statute, or that one could not be convicted of violating it unless it were shown that he permitted persons *to come together in his place* to gamble. On the contrary, in both *Thrower* cases it was clearly held that a person who maintains a house or a room for the purpose of gaming is guilty of keeping a gaming-house. In the instant case the defendant introduced no evidence and made

no statement to the jury. The evidence for the State showed that the accused maintained two places in Fulton County where he received over his telephones bets on horse races. In our opinion the verdict finding him guilty on both counts was amply authorized by the evidence contained in the petition for certiorari, together with the additional evidence set forth in the untraversed answer of the trial judge.

On the trial the court admitted in evidence the testimony of a telephone official, identifying the records of the long-distance calls between the telephones of the defendant in his "places" in Atlanta and the telephones in the "Sports Palace" in Macon. The records were also introduced in evidence, and authorized a finding that several hundreds of such long-distance calls were exchanged between the defendant in Atlanta and the "Sports Palace" in Macon between July 1, 1939, and March 6, 1940. The evidence further showed that the "Sports Palace" was a "bookmaking establishment," and that its business was the taking of bets on horse races. A witness testified to one instance where the defendant in one of his "places" in Atlanta made a long-distance call to the "Sports Palace" in Macon, and talked to a "fellow named Shorty." The same witness testified that he had an office adjoining that of the defendant, and he had heard the defendant "taking bets on horses" over the defendant's telephone. (This latter testimony was not in reference to long-distance calls.) Under the foregoing facts, the evidence about the long-distance calls between the telephones of the defendant in Atlanta and the telephones of the "Sports Palace" in Macon was relevant and admissible to show the intent, motive, and scheme of the accused. The other assignments of error show no cause for reversal of the judgment. The overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*