### 8499. LOACH v. CITY OF LaFAYETTE.

1. An act penalized by a law of the State may be penalized also by a municipal ordinance, if there is in the municipal offense some essential ingredient not essential to the State offense, or if the municipal offense lacks some ingredient essential to the State offense.

2. A municipal ordinance which prohibits keeping open any store or other

place of business within the corporate limits of a city on the Sabbath day for the purpose of selling or vending any article of merchandise is not subject to attack on the ground that it penalizes an act forbidden by section 416 of the Penal Code (1910), which declares that "any person who shall pursue his business, or the work of his ordinary calling, on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor." Pursuing one's business, or the work of his ordinary calling, on the Sabbath is distinct from keeping open a place of business within a municipality for the purpose of carrying on such business or work. A municipality may by ordinance penalize an act performed by one for the purpose of enabling him to accomplish another and distinct act which itself constitutes a violation of a State statute.

DECIDED APRIL 3, 1917.

Certiorari; from Walker superior court—Judge Wright. January 23, 1917.

*Rosser & Shaw, W. M. Henry,* for plaintiff in error.

*Shattuck & Shattuck,* contra.

WADE, C. J. The plaintiff in error was tried before the mayor of the City of LaFayette for the offense of "keeping open place of business on the Sabbath day for the purpose of selling goods in violation of city ordinance." It appears, from the answer of the mayor, that the ordinance upon which this charge was based is as follows: "Be it ordained by the mayor and council of the City of LaFayette, and it is hereby ordained by the authority of the same, that, from and after the passage of this ordinance, it shall be unlawful for any person, firm, or corporation to keep open any store, stall, market shop, or other place of business within the corporate limits of said city on the Sabbath day for the purpose of selling or vending any article of merchandise, soft drink, or anything kept or sold in a market; or by offering for sale any article of merchandise or soft drink, or by following any usual business or occupation on any Sabbath day, the same not being an act of charity or necessity. Any person or persons violating this ordinance or any part thereof shall be punished as prescribed in section 22 of the Code of the City of LaFayette—adopted October 22, 1903." A judgment of guilty was rendered and a fine of $25 imposed. The defendant sued out certiorari, the certiorari was overruled, and he brought the case to this court.

Eliminating from our consideration the assignments of error expressly abandoned in the brief of counsel for the plaintiff in error, or not specifically argued, and hence, under the rulings of

this court, in effect abandoned (*Rounsaville* v. *Camp*, 19 *Ga. App.* 336, 91 S. E. 446, and cases there cited; *Mills* v. *State*, 19 *Ga. App.* 623, 91 S. E. 918), the only questions remaining for determination are: whether the ordinance under which the accused was convicted is a valid ordinance; and, if so, whether the evidence supports the judgment of guilty thereunder. The rule laid down in *Kassell* v. *Savannah*, 109 *Ga.* 491 (35 S. E. 147), that a municipal corporation can not, without express legislative authority so to do, enact a valid ordinance for the punishment of an act which constitutes an offense against the penal statutes of the State, is so well fixed by repeated adjudications of the Supreme Court and this court as to require no more than bare mention, and it only remains to determine whether the ordinance under which the defendant was convicted in this case attempts to punish an act made penal by a statute of the State. Section 416 of the Penal Code of 1910 declares that "Any person who shall pursue his business, or the work of his ordinary calling, on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor." The ordinance under review in this case attempts to penalize several different and distinct acts. It declares that it (1) "shall be unlawful for any person, firm, or corporation to keep open any store, stall, market shop, or other place of business within the corporate limits of said city on the Sabbath day for the purpose of selling or vending any article of merchandise, soft drink, or anything kept or sold in a market;" and it further penalizes (2) "offering for sale any article of merchandise or soft drink, or . . following any usual business or occupation on any Sabbath day, the same not being an act of charity or necessity." The defendant in this case was convicted of keeping open his place of business on the Sabbath day for the purpose of selling goods in violation of the city ordinance. We are therefore only concerned with the offense covered by the first division of the ordinance; and as to the second division it is enough to say that if the acts thereby prohibited should come within the scope of the ordinary vocation of any person prosecuted thereunder, no conviction could legally be had in the municipal court. The State law prohibits any person from pursuing his business or the work of his ordinary calling on the Sabbath, "works of necessity or charity only excepted," and the first division of the ordinance we are consider-

ing makes it an offense against the City of LaFayette to keep open any store, etc., or other place of business within the limits of that city on the Sabbath day "for the purpose of selling or vending any article of merchandise, soft drink or anything kept or sold in a market." It is apparent that a radical difference exists between the offense penalized by the State law and that penalized by the division of the city ordinance under which the defendant was convicted.

It seems to be well settled that "An act penalized by a law of the State may be penalized also by a municipal ordinance, if there is in the municipal offense some essential ingredient not essential to the State offense, or if the municipal offense lacks some ingredient essential to the State offense." *Morris* v. *State,* 18 *Ga. App.* 684 (90 S. E. 361); *Howell* v. *State,* 13 *Ga. App.* 74, 76 (78 S. E. 859); *Callaway* v. *Mims,* 5 *Ga. App.* 9 (62 S. E. 654); *Athens* v. *Atlanta,* 6 *Ga. App.* 245 (64 S. E. 711); *Alexander* v. *Atlanta,* 6 *Ga. App.* 329 (64 S. E. 1105); *Callaway* v. *Atlanta,* 6 *Ga. App.* 354 (64 S. E. 1105); *Dorn* v. *Atlanta,* 6 *Ga. App.* 529 (65 S. E. 254). The test to be applied in determining whether or not the State law and the municipal ordinance cover the identical offense is whether the one can be violated without violating the other. It was said in *Karwisch* v. *Atlanta,* 44 *Ga.* 205, that "The Christian Sabbath is a civil institution older than our government, and respected as a day of rest by our constitution; and the regulation of its observance as a civil institution is within the power of the legislature as much as any regulations and laws having for their object the preservation of good morals, and the peace and good order of society: 33 Barbour, 543; 1 Speer, 305. And it is within the right of the city of Atlanta to punish keeping open doors by dealers generally, in the limits of the city upon Sunday, for the purpose of preventing the violation of the State laws, as well as preserving the public respect for the Lord's day." In that case an ordinance which prohibited any dealer in any commodity or thing from keeping open his doors on Sunday was under review, and the court held, that although the city could not pass an ordinance upon any violation of the Sabbath day which was punished by State law, it was "competent for the city, by its ordinances, to compel all dealers to keep the doors of their houses of business shut on the Sabbath. This in itself constitutes an offense. . .

The party may not be engaged in his ordinary calling, or he may. The ordinance leaves his guilt on these matters to the State laws, but punishes the keeping of such stores open as an act independent of the violation of the State laws or Sunday statutes." In *Rothschild* v. *Darien*, 69 *Ga*. 503, it was held that "A provision in a city ordinance making it penal to 'open any store for the sale of merchandise of any kind or sort, works of necessity, etc., excepted,' was not covered by the State law, and could be enforced." In that case and in the *Karwisch* case, supra, as was said in *Callaway* v. *Mims*, supra, "the action of the municipality in penalizing the preparative act of keeping open any store for the sale of merchandise on Sunday is differenced from the State's action in punishing the consummation, the carrying on of an ordinary calling on the Sabbath day."

The ordinance now under review is apparently somewhat different from the ordinance construed in the *Karwisch* case, supra, in that this ordinance declares that it shall be unlawful to keep open any store, etc., "for the purpose of selling or vending any article of merchandise," etc. In other words, it is apparently not a violation of the ordinance to keep open a store unless it is kept open for the purpose of effecting the sale of merchandise. It becomes necessary, therefore, to determine whether the evidence disclosed that the store of the defendant was kept open on Sunday for the purpose of selling articles or things prohibited by the ordinance. The entire evidence was delivered by the city marshal, who testified in substance as follows: I know the defendant's place of business, and was about his place on "yesterday, the 19th day of March." His place was open and he was selling merchandise other than medicine. He conducts a drug business, but I saw him sell coca-cola, and also saw him sell cigars, and saw him sell some medicine. All that I saw him sell was in the line of his usual every-day business, just what he sells every day. It appears to be conceded that the day testified about was the Sabbath, at least there is no contention to the contrary. Under the provisions of the State law it is clear that necessary drugs may be dispensed on Sunday, and therefore a municipality could not make it criminal so to dispense them. Whether a drug-store might therefore keep open its doors to the general public for the sole purpose of dispensing drugs or other such like articles of necessity, notwith-

standing a municipal ordinance declaring that no doors to any place of business within the limits of such municipality shall be kept open on the Sabbath, need not be decided. In this case not only does the ordinance penalize the keeping open of a place of business solely where it is kept open for the purpose of selling merchandise, but the testimony authorizes the conclusion that the drug-store of the defendant was not kept open for the sole purpose of dispensing drugs or other such merchandise as would constitute articles of necessity within the meaning of the State statute. In other words, under a strict construction of the ordinance, or of that part thereof with which we are concerned, the keeping open of any store, etc., within the limits of the city of LaFayette is prohibited only where such store is so kept open for the purpose of selling or vending any article of merchandise, etc.; and, giving a reasonable construction to the ordinance, the articles of merchandise therein referred to, and which one may not keep open a store for the purpose of selling or vending, must be held to be such articles of merchandise as would not come within the clear exception provided for in section 416 of the Penal Code. That is, the merchandise must not be such merchandise as can be legally sold or dispensed in furtherance of works of necessity or charity on the Sabbath. Clearly one may sell necessary medicines on Sunday without violating the State law, and could not be punished therefor under a municipal ordinance penalizing such an act, since the State law itself expressly authorizes such sales. So, too, since it is practically necessary to keep open a drug-store on Sunday in order that the general public in need of necessary medicines may have ready access thereto, it would seem to follow that notwithstanding an ordinance which prohibited the keeping open of all stores or places of business on Sunday for the purpose of vending *any* article of merchandise, a drug-store might be kept open on Sunday without violating the ordinance, provided it is so kept open for the *sole* purpose of dispensing medicines or selling other articles of necessity or charity. Where, however, it appears that one sale of an article not coming within the exception in the statute which authorizes the dispensing of necessary medicines or the sale of necessary articles was in fact made on the Sabbath day, and that the doors of the store where the sale was effected were kept open when the sale was made, it can be legally inferred that

the doors were so kept open for the purpose of effecting a sale or sales declared to be unlawful by the State law; and, under a proper ordinance, the keeping open for such a purpose can be punished · by a municipality.

A municipality can not punish for the sale of whisky, since such an act is penalized by the State law, but prior to the adoption of the prohibition act of 1915 (whatever may be the present status of the law) an ordinance penalizing the keeping of liquor for the purpose of sale could be adopted by a ·municipality without infringing upon the State statute prohibiting sales. In fact our courts have frequently recognized a distinction between a State statute prohibiting the keeping of intoxicants at the place of business of the defendant and municipal ordinances penalizing the keeping of such liquors anywhere (including the defendant's place of business) for the purpose of sale. It has often been held that in prosecutions under municipal ordinances for the storage of whisky for the purpose of sale, proof of one sale was sufficient to establish the purpose for which at least the whisky sold was kept. Coming, therefore, to the evidence in the case under consideration, in order to apply it to the ordinance, we find that on the Sabbath day the defendant kept open his place of business in the City of LaFayette; that his place of business was a drug-store, and on the day in question he not only dispensed drugs, but also sold cigars and soft drinks. If the purpose in storing whisky can be inferred from one sale of whisky, so likewise can the purpose in keeping open a place of business on Sunday be inferred from proof of one sale of an article or thing, the sale of which on that day is prohibited by law. In the case of *Penniston* v. *Newnan,* 117 *Ga.* 700 (45 S. E. 65), it was held that a sale of tobacco and cigars on the Sabbath does not constitute a work of necessity; and it may be said, in passing, that nothing in that case (which was based on a different ordinance) is opposed to the ruling made in this case. It has been often held that every person is presumed to intend the natural and necessary consequences of his acts, and that every criminal act is presumed to rest on criminal intent, though such presumption may of course be rebutted. In fact our statute itself declares (Penal Code, § 32) "intention will be manifested by the circumstances connected with the perpetration of the offense." Where one, therefore, keeps open the doors of a drug-store and sells

cigars and soft drinks, it may be fairly inferred that his store was kept open for this exact purpose, notwithstanding he may have also sold drugs or other articles or things which under the law he had a right to sell. At all events, the mayor, passing upon the facts, was authorized to find that the purpose of the defendant in keeping open his store was in part at least to effect sales of various articles, the sale of which on the Sabbath was not authorized by law, and to declare him guilty of a violation of the ordinance which made it an offense against the city to keep open a store on that day for the purpose of vending or selling any article of merchandise other than articles of necessity. As already said, any fair construction of the ordinance must read into the language thereof the proviso that works of necessity or charity are excepted; and, so construed, the statute does not prohibit the sale of articles of necessity within the meaning of the law.

The whole matter may be thus summed up: A municipality may by ordinance penalize an act performed by one for the purpose of enabling him to accomplish another and distinct act which itself constitutes a violation of a State statute.

*Judgment affirmed.  George and Luke, JJ., concur.*