CITY OF CRAWFORDSVILLE *v.* JACKSON.

[Nos. 25,646, 25,482.   Filed April 2, 1930.]

*Harry D. Michael, Chase Harding* and *Andrew N. Foley,* for appellant.

*Charles M. McCabe, John S. McFaddin, John M. McFaddin* and *Howard C. McFaddin,* for appellee.

GEMMILL, J.—These causes have been consolidated, as the same question has been presented for consideration in each, the only difference being the manner in which it is raised. In No. 25,646, the question is raised by exceptions to the conclusions of law stated by the court on special findings of fact; and in No. 25,482, the question is raised by demurrer to appellee's answer.

The city of Crawfordsville brought these actions against the appellee to recover damages for violations of an ordinance of said city prohibiting the operation of moving picture and other shows in said city on Sunday where money or thing of value was either demanded or received for admission to same. The actions were originally brought in the city court of Crawfordsville, where there were findings and judgments against the defendant, from which he appealed to the Montgomery Circuit Court, from which court changes of venue were asked, and the causes were transferred to the Parke Circuit Court. In each proceeding, the question before the court was the validity of the ordinance upon which the original action was brought. Judgments were rendered for the defendant, from which the city has appealed.

Each complaint alleged that the defendant, on a certain-named day, in Montgomery County, State of Indiana, and within the limits of the city of Crawfordsville, did then and there exhibit, participate in exhibiting and maintaining, open and operate, a moving picture show on the first day of the week commonly called Sunday, and for which the defendant did then and there receive money from persons admitted to such performance, contrary to and in violation of § one (1) of an ordinance of

said city, adopted by the common council thereof on July 29, 1912, and also adopted by said common council on December 10, 1917, as one of the ordinances of said city, to the damage of said city in the sum of $100.

Section 1 of the ordinance was as follows: "That it shall hereafter be unlawful for any person, persons, firm, or corporation to exhibit or participate in exhibiting or maintaining, or open or operate in any way any theatrical performance, moving picture show, or other show, in the City of Crawfordsville, Indiana, on the first day of the week, commonly called Sunday, for which such person, persons, firm or corporation so exhibiting, operating or maintaining the same, either receives or demands from the person or persons admitted to such performance or performances any money, ticket, or thing of value."

On the days the defendant was accused of violating said ordinance, there was in force and effect in the State of Indiana, a statute, regarding Sabbath breaking, reading as follows: "Whoever, being over fourteen years of age, is found on the first day of the week, commonly called Sunday, rioting, hunting, fishing, quarreling, at common labor, or engaged in his usual avocation [vocation] works of charity and necessity only excepted, shall be fined not less than one dollar nor more than ten dollars; but nothing herein contained shall be construed to affect such as conscientiously observe the seventh day of the week as the Sabbath, travelers, and those engaged in conveying them, families removing, keepers of toll bridges and toll gates, ferrymen acting as such, and persons engaged in the publication and distribution of news, or persons engaged in playing the game of baseball between the hours of one o'clock p. m. and six o'clock p. m., and not less than one thousand feet distant from any established house of worship or permanent church structure used for religious services, or any

public hospital or private hospital erected prior to the passage of this act." Acts 1909 p. 436, §2574 Burns 1926. A Sunday statute with the same general provisions as this one had been in effect in this state for more than 100 years.

When the ordinance was enacted by the city of Crawfordsville, the law of Indiana provided as follows: "The common council of every city shall have power to enact ordinances for the following purposes: . . . Thirty-third. To regulate, license, tax, restrain or prohibit theatrical and all other exhibitions, shows or entertainments." Acts 1905 p. 219, §10284 Burns 1926.

And, on said day, it was also provided by statute: "Whenever any act is made a public offense against the state by any statute and the punishment prescribed therefor, such act shall not be made punishable by any ordinance of any incorporated city or town; and any ordinance to such effect shall be null and void, and all prosecutions for any such public offense as may be within the jurisdiction of the authorities of such incorporated cities or towns, by and before such authorities, shall be had under the state law only," etc. Acts 1905 p. 602, §2401 Burns 1926.

In his answers, the defendant stated that he was then and had been for more than two years the owner and proprietor of the Strand Theatre in Crawfordsville, Indiana, and had been conducting and carrying on the business of exhibiting, maintaining and operating therein theatrical performances, moving picture shows as his usual avocation and business, charging and receiving from the persons admitted to such performances, exhibitions and shows, various prices and sums of money by sale of admission tickets in the usual and customary manner; and that, on the days charged in the complaints, within the corporate limits of the city of Crawfordsville, he participated in exhibiting and maintaining, and did

open and operate a moving picture show on the first day of the week commonly called Sunday, and for which he did then and there receive money from persons admitted to such performances; and that, in so doing, he was pursuing his usual avocation or vocation, and that the sums of money so received by him for admissions to said shows were received and used by him in his business and for his own use, and not for charity or because of necessity; and that he did not conscientiously observe the seventh day of the week as the Sabbath, that he was over the age of 21 years, and did not come within any of the exceptions of §2574 Burns 1926.

In cause No. 25,646, the court stated as two of its conclusions of law upon the special finding of facts that the ordinance was invalid on account of being in violation of said §2401 Burns 1926; and that the ordinance was invalid on account of being in violation of §2401 Burns 1926, in that the act of the defendant so charged in the complaint was an act made a public offense against the state and for which punishment was prescribed by said §2574 Burns 1926.

The test to be applied in determining whether or not the state law and the municipal ordinance cover the identical offense is whether the one can be violated without violating the other. *Loach* v. *City of La Fayette* (1917), 19 Ga. App. 639, 91 S. E. 1057.

A municipal corporation cannot enact a valid ordinance for the punishment of an act which constitutes an offense against a penal statute of the state. It follows from this principle, that if, on the trial of one charged with the violation of a municipal ordinance, it appears from the evidence that the accused has committed no act save that which would constitute a violation of a penal statute of the state, a decision finding the accused guilty, and imposing a punishment for the alleged crime, is contrary to law. *Kassell* v.

*Mayor, etc., of Savannah* (1900), 109 Ga. 491, 35 S. E. 147. And in 2 McQuillin, Municipal Corporations (2d ed.) §840, it is said: "As a rule the validity of the ordinance will only be considered as presented by the issues and facts in the case before the court."

It is well settled in this jurisdiction, not only by statute but also by the decisions of this court, that an act punishable under the criminal law of this state cannot also be punished by a municipal ordinance. *Jett* v. *Richmond* (1881), 78 Ind. 316; *City of Indianapolis* v. *Heugele* (1888), 115 Ind. 581, 18 N. E. 172; *City of Indianapolis* v. *Higgins* (1895), 141 Ind. 1, 40 N. E. 671; *Eddleman* v. *City of Brazil* (1929), *ante* 84, 166 N. E. 1.

In *McCarthy* v. *State* (1877), 56 Ind. 203, which was a prosecution for a violation of the Sunday law, the indictment charged: "that Simon McCarthy, on the 26th day of November, A. D. 1876, at and in the county of Marion and State of Indiana, was then and there found unlawfully at common labor and engaged in his usual avocation, to wit, then and there operating, managing and carrying on a theatre and a theatrical exhibition, and presenting to all persons, who did and might attend the same, a musical and dramatic entertainment, and a large number of persons did attend said exhibition and entertainment, the same being then and there exhibited and presented by the said McCarthy for the purpose of gain, he, the said McCarthy, being then a person over fourteen years of age [and] the said 26th day of November, A. D. 1876, being the first day of the week, commonly called Sunday." The indictment also contained proper averments, showing that such common labor and usual avocation did not fall within any of the exceptions named in the statute alleged to have been violated. This court held that the lower court did not err in overruling the motion to quash the indictment.

In *Ross* v. *State* (1894), 9 Ind. App. 35, 36 N. E. 167,

the appellant was charged by affidavit with following his usual avocation on Sunday. The charge against the appellant was that on March 19, 1893, at the city of Indianapolis, county of Marion, and State of Indiana he was then and there found unlawfully at common labor, and engaged in his usual avocation, to wit, then and there giving special shows and performances in the Empire Theater at the price of 10, 30 and 50 cents. Then followed the negative averments necessary under the exceptions contained in the statute. The court said: "We see no reason, and none has been pointed out, why the acts charged here may not constitute the offense defined in the statute. If the acts of 'giving shows and performances in the Empire Theater,' were part of the 'usual avocation' of the appellant, they certainly come within the letter of the law, and the offense being charged in the language of the statute is all that is required." The judgment of conviction in the criminal court of Marion County was affirmed.

In *Stellhorn* v. *Board, etc.* (1915), 60 Ind. App. 14, 110 N. E. 89, the following was said: "The phrase 'common labor' as used in the statute (Acts 1905 p. 692) includes the transacting of the ordinary business affairs of life. . . . The word 'avocation' is used in the statute in the sense of vocation or occupation."

In *In re Baxter* (1877), 12 R. I. 13, an ordinance of the city of Providence prohibiting the opening of shops, etc., on Sunday was held void because inconsistent with the Sunday laws of the state. In *Town of Livingston* v. *Scruggs* (1922), 18 Ala. App. 527, 93 So. 224, it was held that an ordinance of the town of Livingston, providing for the closing of places of business on Sunday, except drug stores for the sale of drugs and medicines, was void, as inconsistent with the Code, which made it a crime to keep open stores other than drug stores for

the purposes of traffic on Sunday. A judgment of the lower court declaring the ordinance void was affirmed. In *Capital Theater Co.* v. *Commonwealth* (1918), 178 Ky. 780, 199 S. W. 1076, the operation of a moving picture show on Sunday necessitating the performance of labor by the operator and others, was held to be a violation of a Kentucky statute prohibiting work or business on the Sabbath day. In *Rosenbaum* v. *State* (1917), 131 Ark. 251, 199 S. W. 388, L. R. A. 1918B 1109, it was decided that the operation of a moving picture show on Sunday near an army camp was covered by a statute forbidding the performance of labor or service other than customary household duties of daily necessity, comfort or charity, and the judgment against the appellant was affirmed by the Supreme Court. In *The King* v. *Ouimet* (1908), 14 Can. Crim. Cas. 136, the court adjudged that the proprietor of a moving picture show who kept his amusement hall open on Sundays as on week days and charged an admission fee, thereby pursued his business or calling for gain on Sunday in contravention of the Province of Quebec Sunday Observance Act.

One of the authorities strongly relied upon by the appellant is *Loach* v. *City of LaFayette, supra,* wherein the court held: "A municipality may by ordinance penalize an act performed by one for the purpose of enabling him to accomplish another and distinct act which itself constitutes a violation of a State statute." But in the cases under review, the question is whether the illegal act in the ordinance and the state statute are the same. Appellant also relies upon *City of Ames* v. *Gerbracht* (1922), 194 Iowa 267, 189 N. W. 729. In that case the court said: "Whether or not one who labors on Sunday in connection with the operation of a moving picture show might be liable for a violation of the general statute pertaining to Sunday observance, is not before us, and upon that question we express no opinion."

In these cases, that is the question raised by defendant's answers to the complaints.

The title of the ordinance was: "To prohibit the exhibition of theatrical, moving pictures or other shows in the City of Crawfordsville on the first day of the week, commonly called Sunday," etc. By his answers, the appellant brought his alleged acts under the Sabbath-breaking statute. The facts set forth in the special findings are substantially the same as alleged in the pleadings. From *McCarthy* v. *State, supra,* decided by this court, and *Ross* v. *State, supra,* decided by the Indiana Appellate court, it clearly appears that the offense defined in said ordinance of the city of Crawfordsville is covered by the state statute on the subject of Sabbath breaking (§2574 Burns 1926). This statement is also sustained by authorities, herein cited, from other jurisdictions. And said ordinance is invalid on account of being in violation of §2401 Burns 1926, as an act made a public offense against the state by statute and the punishment prescribed therefor cannot be made punishable by any ordinance of any incorporated city. Although. the ordinance may have been intended to prohibit theatrical, moving picture or other shows on Sundays, nevertheless it must also be regarded as Sunday legislation and, as such, is inconsistent with the statutes of the state. Whether appellant was guilty of violating the state statute is not here for review and is not decided.

In cause No. 25,646, the court did not err in any of its conclusions of law; and in cause No. 25,482, the court did not err in overruling appellant's demurrer to appellee's answer.

The judgment in each case is affirmed.