THOMPSON *v.* CITY OF ATLANTA.

ATKINSON, J. 1. It is declared in the Penal Code, § 416: "Any person who shall pursue his business or the work of his ordinary calling on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor." Where the business or work of ordinary calling of a person is that of manager of a moving-picture theatre, such employment is not ordinarily a "work of necessity" within the meaning of that Code section. The case differs on its facts from *Williams* v. *State*, 167 *Ga.* 160 (144 S. E. 745), in which it was held: "In the light of modern-day methods of traveling by automobile, the motor-power of which is derived from the use of gasoline, and in the light of the present-day use to which automobiles are put, the sale of gasoline on the Sabbath is a

'work of necessity' within the contemplation of the Penal Code (1910), § 416."

2. If the manager of a moving-picture theatre, employed generally, as indicated in the preceding note, in the City of Atlanta, enters into an agreement with an emergency relief committee of the city, to conduct the theatre on Sunday and to turn over to the committee to be expended by it "for relief work among the unemployed and for other charity works in the city," the entire "net proceeds [derived on Sunday], after payment of all expenses of such operation," and that "if the net proceeds did not equal ten per cent. of the gross receipts" then to pay "ten per cent. of the gross receipts" to be used for such purposes, the employment of the manager by carrying on the business on Sunday under such arrangement is not a work of charity within the meaning of the Code section cited above.

(a) In substance it makes a case of merely conducting on Sunday the ordinary work or calling of the manager of the theatre as a business or commercial enterprise and donating a small per cent. of the earnings to charitable purposes. It is not different from conducting any ordinary business or commercial enterprise where the operator might be willing to devote a part of his receipts to charity. To devote a part of the proceeds of such business to charity does not make the business a work of charity. In this connection see *Trustees* v. *Bohler*, 80 *Ga.* 159, 163-164 (7 S. E. 633), where this principle is stated in different language.

(b) The case differs from *Albany Theatre Inc.* v. *Short*, 173 *Ga.* 121 (159 S. E. 688), especially in the fact that the person operating the theatre, the American Legion, was not the proprietor of the business and its ordinary calling was not the operation of theatres.

3. The foregoing rulings sufficiently deal with the questions propounded by the Court of Appeals. *Answers in negative. All the Justices concur.*

No. 9703. FEBRUARY 13, 1934.

*Waller A. Sims* and *Love B. Harrell,* for plaintiff in error.
*James L. Mayson, Courtland S. Winn,* and *J. C. Savage,* contra.