674

23101. THOMPSON *v.* CITY OF ATLANTA.

BROYLES, C. J. 1. "It is declared in the Penal Code, § 416: 'Any person who shall pursue his business, or the work of his ordinary calling on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor.' Where the business or work of ordinary calling of a person is that of manager of a moving-picture theatre, such employment is not ordinarily a 'work of necessity' within the meaning of that code section. The case differs on its facts from *Williams* v. *State,* 167 *Ga.* 160 (144 S. E. 745), in which it was held: 'In the light of modern-day methods of traveling by automobile, the motor-power of which is derived from the use of gasoline, and in the light of the present-day use to which automobiles are put, the sale of gasoline on the Sabbath is a "work of necessity" within the contemplation of the Penal Code (1910), § 416.'"

2. "If the manager of a moving-picture theatre, employed generally, as indicated in the preceding note, in the City of Atlanta, enters into an agreement with an emergency relief committee of the city, to conduct the theatre on Sunday and to turn over to the committee, to be expended by it 'for relief work among the unemployed and for other charity works in the city,' the entire 'net proceeds [derived on Sunday], after payment of all expenses of such operation' and that 'if the net proceeds did not equal ten per cent. of the gross receipts' then to pay 'ten per cent. of the gross receipts' to be used for such purposes, the employment of the manager by carrying on the business on Sunday under such arrangement is not a work of charity within the meaning of the code section cited above.

"(a) In substance it makes a case of merely conducting on Sunday the ordinary work or calling of the manager of the theatre as a business or commercial enterprise and donating a small per cent. of the earnings to charitable purposes. It is not different from conducting any ordinary business or commercial enterprise where the operator might be willing to devote a part of his receipts to charity. To devote a part of the proceeds of such business to charity does not make the business a work of charity. In this connection see *Trustees* v. *Bohler,* 80 *Ga.* 159, 163-164, where the principle is stated in different language.

"(b) The case differs from *Albany Theatre Inc.* v. *Short,* 173 *Ga.* 121 (159 S. E. 688), especially in the fact that the person operating the theatre, the American Legion, was not the proprietor of the business and its ordinary calling was not the operation of theatres." 178 *Ga.* 281.

3. The defendant was convicted, in the recorder's court of Atlanta, of violating an ordinance of the city, which made it unlawful for the *owner, manager,* or *operator* of a moving-picture theatre, which is customarily operated for profit, to *open* its doors on Sunday for the *purpose* of allowing the showing therein of moving-pictures. Under the rulings by the Supreme Court, quoted above, given in answer to questions certified by this court, there is no merit in the contentions of the defendant that the ordinance is in contravention of certain provisions of the constitution of this State, and of section 416 of the Penal Code of 1910.

4. "A municipal ordinance which prohibits keeping open any store or other

place of business within the corporate limits of a city on the Sabbath day for the purpose of selling or vending any article of merchandise is not subject to attack on the ground that it penalizes an act forbidden by section 416 of the Penal Code (1910), which declares that 'any person who shall pursue his business, or the work of his ordinary calling, on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor.' Pursuing one's business, or the work of his ordinary calling, on the Sabbath is distinct from keeping open a place of business within a municipality for the purpose of carrying on such business or work. A municipality may by ordinance penalize an act performed by one for the purpose of enabling him to accomplish another and distinct act which itself constitutes a violation of a State statute." *Loach* v. *LaFayette*, 19 *Ga. App.* 639 (2) (91 S. E. 1057). Under this ruling the City of Atlanta had the authority to pass the ordinance now under consideration.

5. The judgment and sentence of the recorder were authorized by the evidence. No ruling complained of requires another hearing of the case. The judge did not err in overruling the certiorari.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 2, 1934.

*Walter A. Sims, Love B. Harrell,* for plaintiff in error.
*James L. Mayson, Courtland S. Winn, J. C. Savage,* contra.