26083. HICKS *v.* CITY OF DUBLIN.

64

*R. Earl Camp, Emory S. Baldwin Jr.,* for plaintiff in error.
*S. P. New,* contra.

GUERRY, J. The defendant was convicted, in recorder's court of the City of Dublin, for violating the following ordinance: "That from and after the passing of this ordinance it shall be unlawful for any theatre or moving-picture show to operate any motion-picture machine or show or cause to be shown any moving picture on Sunday, . . except between the hours of one and two o'clock in the afternoon." Under its charter the City of Dublin has power and authority "to license, regulate, and control all opera houses, theatres, and picture shows, . . places of amusement," and to pass such ordinances "as to [the city council] may seem right and proper respecting picture shows." The ordinance quoted was not subject to attack on the ground that it was void as in conflict with the Code, § 26-6905. "It is settled beyond all possibility of dispute, that a municipal corporation, in the absence of express legislative authority, can not punish for an offense against the criminal law of this State." *Callaway* v. *Mimms,* 5 *Ga. App.* 9 (62 S. E. 654). It is also true that "An act penalized by a law of the State may be penalized also by a municipal ordinance, if there be in the municipal offense some essential ingredient not essential to the State offense." *Loach* v. *LaFayette,* 19 *Ga. App.* 639 (91 S. E. 1057). It is apparent from a reading of the statute and the ordinance that there is a difference in the essential ingredients. As was said in *Karwisch* v. *Atlanta,* 44 *Ga.* 204, which was a case where the proprietor of a store was convicted for "keeping open his doors on the Sabbath:" "The Christian Sabbath is a civil institution older than our government, and respected as a day of rest by our constitution; and the regulation of its observance as a civil institution is within the power of the Legislature, as much as any regulations and laws having for their object the preservation of good morals, and the peace and

good order of society. 33 Barbour, 543; 1 Speers, 305. And it is within the right of the City of Atlanta to punish keeping open doors by dealers generally, in the limits of the city, upon Sunday, for the purpose of preventing the violation of the State laws, as well as preserving the public respect for the Lord's day. . . The party's drinking has nothing to do with it, and his keeping liquors has nothing to do with it. The question solely is, first, whether the city council have the power to pass an ordinance prohibiting a man in any business, as a dealer, from keeping his store open on Sunday?" The operation of a moving-picture machine or showing moving pictures is prohibited by this ordinance, without respect to the provisions of the Code, § 26-6905. Neither is the objection well taken that if it is a work of charity or necessity its regulation would be contrary to public policy. "It is elementary that an ordinance must not be repugnant to but in harmony with the laws enacted by the legislature for the government of the State. It can not authorize what a statute forbids or forbid what a statute expressly permits, but it may supplement a statute or cover an authorized field of local legislation unoccupied by general legislation." Power v. Nordstrom, 150 Minn. 228 (184 N. W. 967, 18 A. L. R. 733). The failure of the ordinance to make exceptions of works of charity or necessity does not affect its validity. The general police power which is inherent in municipal corporations does not require that its ordinances make such exceptions. If they are contrary to public policy, they are of no effect; if not, the stating of the exceptions does not give them efficacy. The City of Dublin had express powers so to make laws and regulations with respect to picture shows within its limits. It can not be questioned that the General Assembly might itself pass an act making illegal the operation of picture shows on Sunday, irrespective of whether they were works of charity or necessity; but its validity would be based on the purpose of the law to preserve the peace, good order, and morals of the State. In *Littlejohn* v. *Stells,* 123 *Ga.* 427 (51 S. E. 390), it was said: "The General Assembly may, by express enactment, authorize the corporate authorities of municipalities to provide by ordinance for the punishment of an act which in its nature affects the health, peace, and good order of the community, notwithstanding that such an act has already been made penal

under the general law of the State." See also *Hood* v. *Von Glahn,* 88 *Ga.* 405 (14 S. E. 564). The ordinance is distinguishable from the State statute in its essential ingredients; and even so, the City of Dublin is given express authority to make such regulations of picture shows as may seem to the council right and proper. *Campbell* v. *Thomasville,* 6 *Ga. App.* 212 (64 S. E. 815); 37 C. J. 178, § 19. Therefore the regulation in the present case is not unreasonable or arbitrary.

The evidence discloses that one Martin operates on week days a moving-picture show known as the Ritz Theatre. The Dublin Relief Association, of which the defendant is a member, has for its purpose the relief of poor and indigent persons in its community. Under an agreement between Martin and the defendant the Ritz Theatre is turned over to the defendant to be operated on Sunday, the defendant paying to Martin all the costs of the operation of such picture show on Sunday, including rent of films, electric lights and power used, water, cost of advertising, heat, fuel, express and transportation charges, the net proceeds being retained by the defendant for charitable purposes of such Dublin Relief Association. That the show was operated in violation of the ordinance can not be doubted. It was expressly held in *Thompson* v. *Atlanta,* 178 *Ga.* 281 (172 S. E. 915), that a motion-picture operator may not operate his show, such being his regular vocation or calling, on Sunday, and claim that it is a work of charity, unless the entire proceeds and not merely the net proceeds are donated to such cause. See also *Woods* v. *State,* 53 *Ga. App.* 384 (185 S. E. 920). In *Albany Theatre Inc.* v. *Short,* 173 *Ga.* 121 (159 S. E. 711), it was said: "If the jury under the testimony in this case should find that the net proceeds of all exhibitions to be made in the future is to be devoted to the purpose of aiding under-privileged children, it is obvious that the work is one of charity, as well as most necessary." While not necessary to the decision in this case, attention is called to the language of the Supreme Court of the United States in *Bucher v. Cheshire R.,* 125 U. S. 55: "In order to constitute an act of charity such as is exempt from the Lord's-day act of Massachusetts, the act which is done must itself be a charitable act." Also Judge Bleckley, in *Trustees* v. *Bohler,* 80 *Ga.* 159 (7 S. E. 633), said: "The exemption from taxation of institutions of public charity,

provided for by the constitution, is of such institutions as property, not as persons,—the physical things, not the ideal institutions. Therefore lands held in trust to appropriate the annual product to the erection of a poorhouse, and the support of its inmates forever, are not exempt. The poorhouse when erected will be exempt, but not detached property from which the support is to be derived." The sale of gasoline on Sunday is declared legal, for the reason that the sale itself under modern conditions is an act of necessity; not what may be done with the proceeds of the sale. The State has not occupied this field of legislation; but if it had, the City of Dublin might still under its charter powers pass the ordinance in question. For a discussion of this principle see *Shaver* v. *Martin*, 166 *Ga.* 424 (143 S. E. 402). It would seem, if the owner of the picture show and one who operates it during the week days can not operate it on Sunday under the law as embodied in the Code, § 26-6905, and escape the penalty therefor unless he donates the entire proceeds and not merely the net proceeds to such cause, that he may not turn it over to another person to operate on Sunday and thus retain his operating expenses. The City of Dublin has express authority given to it by the General Assembly to regulate and control moving-picture shows, pool-tables, bowling-alleys, skating-rinks, dance-halls, and places of public amusement, irrespective of whether the net proceeds of their operation are given to charity. These are proper subjects of regulation and control under the police power. "Under the grant of police power to license and regulate a business, the municipal authorities have power to determine where and within what limits the business may be conducted and . . they may impose reasonable restrictions as to the time, place, and manner of conducting the business." Power *v.* Nordstrom, supra. To give to charity the net proceeds of a business conducted on Sunday does not exempt it from control or prohibition under the police power referred to above. The evidence fully warranted the verdict, and there was no error in denying the certiorari.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

Broyles, C. J., dissenting. The city ordinance in question prohibits "any theatre or moving-picture show" from showing any

68

moving picture on any Sunday, except between the hours of one and two o'clock in the afternoon. It is obvious that "any theatre or moving-picture show," which shows a moving picture on a Sunday, is pursuing its "business or the work of his [its] ordinary calling on the Lord's day," and is violating the Code, § 26-6905, unless such showing be a work of necessity or charity. And it is well settled that a municipal ordinance which makes it an offense to commit an act which is penalized by a State law is invalid. *Rothschild* v. *Darien*, 69 *Ga.* 503; *Keck* v. *Gainesville*, 98 *Ga.* 423 (25 S. E. 559); *Karwisch* v. *Atlanta*, 44 *Ga.* 205; *Penniston* v. *Newnan*, 117 *Ga.* 700 (2) (45 S. E. 65); *Kassell* v. *Savannah*, 109 *Ga.* 491 (35 S. E. 147); *Thrower* v. *Atlanta*, 124 *Ga.* 1 (52 S. E. 76, 1 L. R. A. (N. S.) 382, 110 Am. St. R. 147, 4 Ann. Cas. 1); *Loach* v. *LaFayette*, 19 *Ga. App.* 639 (supra); *Thompson* v. *Atlanta*, 48 *Ga. App.* 674 (173 S. E. 193). If the ordinance had made it unlawful for any theatre to *open* its doors on Sunday *for the purpose* of showing moving pictures therein, that offense would not have been covered by the State law. *Loach* v. *LaFayette*, supra. I think that the ordinance in question was invalid, and that the court erred in refusing to sanction the petition for certiorari.