Where upon a final hearing the evidence, which was conflicting, is substantially the same as that adduced upon an interlocutory hearing, wherein the judgment was based upon questions of law and evidence, the jury is not bound to follow the same interpretation of the evidence as the trial judge did on the interlocutory hearing; and accordingly, since there was an issue of fact that should have been submitted to the jury, the trial court erred on the final hearing in directing a verdict for the defendants.
 No. 16086. FEBRUARY 12, 1948.
Miss Addie Patterson filed in Whitfield Superior Court, against the State Highway Department and others, a petition seeking to enjoin a condemnation proceeding instituted by the Highway Department. The pleadings are fully set forth inPatterson v. State Highway Department, 201 Ga. 860
(41 S.E.2d 260), which involved an exception to an interlocutory judgment *Page 328 
denying injunctive relief. In the fourth division of that opinion this court said: "The final contention of the plaintiff in error is that the award of the assessors is void for the reason that she was not notified of the time and place of the hearing before the assessors. The Code, § 36-501, reads as follows: `If by reason of delay in appointing assessors, or other cause, the hearing can not be had at the time fixed in the original notice, the assessors shall fix the time for the hearing and notify both parties in writing of the time and place of the hearing.' It appears from the record that the plaintiff in error did not appear at the time and place named in the rule nisi, issued at the time the condemnation proceedings were filed. One of her attorneys of record in this case was present. It further appears that `when he [her attorney] was asked, if Addie Patterson would name an assessor, or if he would name one for her as her attorney, he . . answered that Addie Patterson would not name an assessor, and that he would not name one for her, that he was present to "watch the proceedings."' Two of the assessors testified `that they understood from this statement by the landowner's lawyer that she would take no part in the proceedings, or the assessment of the damage; but following this they and the other assessors made every reasonable effort to get in contact with the landowner so as to advise her of the hearing, postponed the hearing until the 28th day of September, 1946, in order to give her additional time to be present at the hearing if she desired. . . Affiants made several unsuccessful efforts to communicate with Addie Patterson, the landowner, so as to advise her of the hearing at which the damages would be assessed. They called at the office where she worked, and they called her home, but were unable to get any response. They postponed the hearing until the following day, when they again undertook to contact her, the said Addie Patterson, but failed. Affiants, together with N. A. Scott, the third assessor, went to the home of the landowner and proceeded to go over the right-of-way sought to be condemned, which is a very short distance and in plain view of the home of the landowner, and there proceeded to assess the damage.' The trial judge was authorized to find from the evidence that the plaintiff in error purposely avoided the efforts of the assessors to notify her of the *Page 329 
date and time of the hearing. Under the facts in this case, we do not think that the award should be declared void for failure to give the notice required in the Code, § 36-501, supra."
Subsequently when the case came on for trial before a jury, the evidence for the defendants (State Highway Department) was substantially the same as that set forth at the interlocutory hearing. There was evidence for the petitioner on each of the hearings that she did nothing to avoid the efforts of the assessors to notify her of the date and time of the hearing, and that on the contrary during the two days in question she was either at her home, or at her usual place of employment, which was at her lawyer's office, where she was easily accessible.
At the close of the evidence, the trial court directed a verdict in favor of the defendants. The petitioner made a motion for a new trial, which was amended by the addition of one special ground complaining that the court erred in directing a verdict because there were issues of fact that should have been submitted to a jury. The exception is to an order overruling the motion for new trial as amended.
The defendants in error insist that the evidence, though conflicting, being substantially the same on the final trial as that on the interlocutory hearing, the judgment directing a verdict in their favor should be affirmed.
Where upon a final hearing the evidence, which was conflicting, is substantially the same as that adduced upon an interlocutory hearing, wherein the judgment was based upon questions of law and evidence, the jury is not bound to follow the same interpretation of the evidence as the trial judge did on the interlocutory hearing. Collins v. Carr, 116 Ga. 39, 41
(42 S.E. 373); Albany Theatre v. Short, 173 Ga. 121, (1) (159 S.E. 688); Voyles v. Carr, 173 Ga. 627 (3) (160 S.E. 801).
Accordingly, since there was an issue of fact in the present case, to wit, whether the plaintiff in error purposely avoided the efforts of the assessors to notify her of the date and time of the *Page 330 
hearing, the case should have been submitted to a jury, and the trial court erred in directing a verdict in favor of the defendants.
Judgment reversed. All the Justices concur, except Bell, J.,absent on account of illness, and Wyatt, J., who took no part inthe consideration or decision of this case.